

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 10 2012

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HOWARD MESHELL | CIVIL ACTION NO: 12:00872 |
| VERSUS | JUDGE DONALD E. WALTER |
| TOWN OF ZWOLLE, et al | MAG. JUDGE MARK L. HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss G.J. "Pie" Martinez [Doc. #3] filed on behalf of Defendant Mayor G.J. "Pie" Martinez and pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). Plaintiff Howard Meshell opposes the motion [Doc. #9]. For the reasons stated herein, Defendant's Motion to Dismiss [Doc. #3] is hereby **GRANTED**.

## BACKGROUND

Plaintiff filed the instant lawsuit in the Eleventh Judicial District Court in and for the Parish of Sabine, State of Louisiana, on March 7, 2012.[1] Plaintiff named as Defendants the Town of Zwolle, Mayor G.J. "Pie" Martinez, Zwolle Police Chief Marvin Frazier, and two Zwolle police officers, Leslie Santos and Adrienne Spikes.[2] Plaintiff alleges that on or about March 8, 2011, Plaintiff was operating his vehicle in the parking lot of a Kwik Trip gas station in Zwolle.[3] At some point, Plaintiff exited the parking lot onto Main Street and proceeded south

---

[1] Doc. #1-2, State Court Docket No. 64,392.

[2] Doc. #1-2, ¶ 1 (Plaintiff originally included Louisiana Municipal Risk Management Agency Group Self-Insured Fund as a named Defendant; however that party was dismissed from this suit via Plaintiff's First Amended Petition before the case was removed to this Court).

[3] Doc. #1-2, ¶ 3.

towards the intersection with Obrie Street.[4] At the four-way traffic light at Obrie Street, Plaintiff claims that he had the green light and turned right onto Obrie Street.[5] Thereafter, Plaintiff was pulled over by the two named Zwolle police officers and was cited for running a red light.[6]

Plaintiff contested the citation in the Mayor's Court of Zwolle on March 24, 2011.[7] Here, Plaintiff alleges "procedural irregularities" occurred, as follows:

> After evidence and statements had been presented, but before a decision was rendered, defendant Mayor Martinez announced a recess during which recording of the hearing was stopped. He and Chief Frazier withdrew to discuss the case. [Plaintiff] asked to be present. One of them told [Plaintiff] that his presence was not permitted. After ex parte discussion, too muffled to be understood from the meeting room, Martinez and Frazier returned, and Martinez pronounced [Plaintiff] guilty.[8]

Plaintiff appealed the mayor's verdict to the Eleventh Judicial District Court in Sabine Parish, where he was adjudicated not guilty at a hearing on July 27, 2011.[9]

Subsequently, Plaintiff filed the instant lawsuit, alleging that the actions of Officers Santos and Spikes, Mayor Martinez, Police Chief Frazier and the Town of Zwolle constituted malicious prosecution.[10] Plaintiff further alleges that, between the hearing in Mayor's Court on March 24, 2011 and the appellate hearing on July 27, 2011, Chief Frazier instructed Zwolle police officers to follow Plaintiff any time he was in Zwolle's jurisdiction in retaliation for

---

[4] Doc. #1-2, ¶ 4.

[5] *Id.*

[6] *Id.* at ¶ 7.

[7] *Id.* at ¶ 9.

[8] *Id.*

[9] *Id.* at ¶¶ 10-11; *see also* Doc. #1-2, Exh C (Unverified copy of Criminal Minutes of July 27, 2011 proceedings held in Eleventh Judicial District Court).

[10] *Id.* at ¶ 12.

opposing the citation.[11] Plaintiff claims that Officer Santos was among the officers who followed him during this time period.[12] Allegedly, Officer Santos approached Plaintiff in his patrol car, one evening as Plaintiff sat waiting in a parked truck in a public place, and shone his spotlight directly into Plaintiff's truck for twenty minutes. Plaintiff claims that the actions of all Defendants collectively constituted intentional infliction of severe emotional distress.[13]

Plaintiff also alleges that Officer Santos failed to obtain his legally required certification at the Police Officer Training Academy within one year of beginning his employment with the police department. Instead, Plaintiff alleges that, at the time of the events at issue, Officer Santos had been employed by the Town of Zwolle for three years without certification yet was given the responsibility of training Officer Spikes.[14] Thus, Plaintiff alleges that Zwolle failed to properly train its police officers, thereby violating Plaintiff's rights under both the United States and Louisiana constitutions.[15] Accordingly, Defendants removed this matter to federal court pursuant to 28 U.S.C. §§ 1331 and 1441, *et seq.*[16]

## LAW & ANALYSIS

In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. Fed. R. Civ. P. 12(b)(6); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). When ruling on a 12(b)(6) motion, the court must accept the plaintiff's factual allegations as true and resolve

---

[11] *Id.* at ¶ 13.

[12] *Id.* at ¶ 15.

[13] *Id.* at ¶ 16.

[14] *Id.* at ¶ 17.

[15] *Id.* at ¶ 18.

[16] Doc. #1, ¶ 7.

doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). "The complaint should not be dismissed unless it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (internal citations omitted). "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Collins*, 224 F.3d at 498 (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (internal citations, quotation marks and ellipses omitted)).

Defendant Martinez argues that all allegations in Plaintiff's petition involve actions taken by Martinez in his capacity as Magistrate of the Mayor's Court of the Town of Zwolle.[17] As such, Defendant claims that he is entitled to judicial immunity under both federal and state law.[18] However, Plaintiff argues that Martinez is not entitled to judicial immunity, because his actions in this case extended beyond judicial acts to include administrative and other non-judicial acts.[19] Plaintiff argues that, pursuant to the Town of Zwolle Charter, Martinez serves dual judicial and administrative roles, including the supervision of police officers.[20] Plaintiff argues that Martinez was acting pursuant to his supervisory role when he convened "privately and secretly outside court with the Police Chief" to discuss this case; therefore, judicial immunity should not apply.[21]

---

[17] Doc. #3, p. 1.

[18] *Id.* at pp. 2, 3.

[19] Doc. #9, p. 2.

[20] *Id.* at p. 3 (Plaintiff attached the Town of Zwolle Charter as an exhibit to his Memorandum in Opposition to Defendant's Motion to Dismiss [Doc. #9-1]; however, the charter was not attached to the petition or referenced in anyway therein. As such, the Court will not consider that document in ruling on this 12(b)(6) motion).

[21] *Id.* at p. 4.

Plaintiff's allegations against Defendant Martinez are contained in paragraphs nine and twelve of the petition. Paragraph nine, in its entirety, states:

> [Plaintiff] contested his citation at the Town of Zwolle Mayor's Court on March 24, 2011, where procedural irregularities occurred. After evidence and statements had been presented, but before a decision was rendered, defendant Mayor Martinez announced a recess during which recording of the hearing was stopped. He and Chief Frazier withdrew to discuss the case. [Plaintiff] asked to be present. One of them told [Plaintiff] that his presence was not permitted. After ex parte discussion, too muffled to be understood from the meeting room, Martinez and Frazier returned, and Martinez pronounced [Plaintiff] guilty.[22]

Based on these substantive allegations, Plaintiff contends in paragraph twelve that the actions of Mayor Martinez amounted to malicious prosecution. Plaintiff opposes Martinez's instant motion to dismiss by arguing that Martinez's actions were non-judicial. However, Plaintiff made no such allegations in his petition. Instead, as Defendant Martinez correctly points out, the petition includes allegations that Martinez was taking evidence, calling recesses, and rendering decisions, all of which are inherently judicial functions.

"A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in the judicial role." *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982) (citing *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734 (1980)). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco,* 502 U.S. 9, 11 (1991) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Rather, the Supreme Court has made clear that there are only two sets of circumstances for which a judge will not have immunity: (a) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (b) actions which are judicial in nature yet taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12 (internal citations omitted).

---

[22] Doc. #1-2, ¶ 9.

It is clear that Plaintiff's allegations, taken in their entirety and viewed in the light most favorable to Plaintiff, do not fall within one of the two exceptions listed above. The Court finds that Martinez's alleged acts fall squarely within the category of actions taken in his judicial capacity. Martinez will not be stripped of judicial immunity and made to engage in discovery and a possible trial. Although "courts are not blind to the human vices that may lurk behind the robe, they have struck society's balance in favor of judicial immunity." *Thomas v. Sams*, 734 F.2d 185, 189 (5th Cir. 1984). As Martinez's actions were clearly judicial in nature and were not taken in the absence of all jurisdiction, he is entitled to immunity therefor.[23]

## CONCLUSION

For the reasons stated herein, the Court finds that Mayor G.J. "Pie" Martinez is entitled to judicial immunity. Accordingly, Defendant's Motion to Dismiss [Doc. #3] is hereby **GRANTED**. Plaintiff's claims against Martinez, individually and in his capacity as Mayor of the Town of Zwolle, are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 10th day of August, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[23] Defendant is likewise entitled to judicial immunity under Louisiana Revised Statutes § 33:441(c)(2), which provides that a "presiding officer of a mayor's court shall be entitled to judicial immunity for his official acts as presiding officer in the same capacity as a judge in this state." *See Donley v. Reid*, 10-1217, (La.App. 1st Cir. Dec.22, 2010); 2010 WL 5487149, at * 1, *writ denied*, 61 So.3d 669 (La. 2011); *Donley v. Hudson's Salvage, LLC,* No. 10-3223, slip op. at 22-23 (E.D. La. Nov. 29, 2011).